2024 IL App (4th) 230731-U

NOS. 4-23-0731, 4-23-0732, 4-23-0733, 4-23-0734 cons.

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 18, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* El. T., Ell. T., Ev. T., and Elli. T., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Macoupin County |
| Petitioner-Appellee, | ) | Nos.  20JA77 |
| | ) | 20JA78 |
| v. | ) | 20JA79 |
| Jorden T., | ) | 21JA32 |
| Respondent-Appellant). | ) | |
| | ) | Honorable |
| | ) | Joshua A. Meyer, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Steigmann and Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, concluding the trial court's finding respondent was
        an unfit parent was not against the manifest weight of the evidence.

¶ 2     Respondent father, Jorden T., appeals the trial court's judgment terminating his

parental rights to his children, El. T. (born April 2014), Ell. T. (born April 2017), Ev. T. (born

April 2016), and Elli. T. (born July 2021). On appeal, respondent argues the court erred in

finding he was an unfit parent. For the reasons that follow, we affirm the court's judgment.

¶ 3                                I. BACKGROUND

¶ 4     On September 28, 2020, the State filed petitions seeking to adjudicate El. T.,

Ell. T., and Ev. T. neglected under the Juvenile Court Act of 1987 (Juvenile Court Act) (705

ILCS 405/1-1 *et seq.* (West 2020)). The State alleged these minors were neglected due to being

in an environment injurious to their welfare (705 ILCS 405/2-3(1)(b) (West 2020)) in that respondent overdosed on illegal drugs while taking care of them. On May 20, 2021, the trial court adjudicated the minors neglected (705 ILCS 405/2-3(1)(b) (West 2020)). On July 20, 2021, a fourth minor, Elli. T., was born. On August 6, 2021, the State filed a petition seeking to adjudicate Elli. T. neglected due to being in an environment injurious to his welfare (705 ILCS 405/2-3(1)(b) (West 2020)) in that (1) his siblings were in protective custody and their parents had not corrected the conditions which brought them into care and (2) he suffered from symptoms of withdrawal from narcotics at birth. On August 24, 2021, the court adjudicated Elli. T. neglected (705 ILCS 405/2-3(1)(b) (West 2020)). On August 26, 2021, the court entered a dispositional order finding respondent unfit, unable, and unwilling for reasons other than financial circumstances alone to care for El. T., Ell. T., and Ev. T., made them wards of the court, and placed their custody and guardianship with the Illinois Department of Children and Family Services (DCFS). On October 1, 2021, the court entered a dispositional order finding respondent unable for reasons other than financial circumstances alone to care for Elli. T., made him a ward of the court, and placed his custody and guardianship with DCFS.

¶ 5        On March 30, 2023, the State filed petitions to terminate respondent's parental rights as to all four minors. The State alleged respondent was unfit for failing to make reasonable progress toward the return of the minors to his care during a nine-month period following their adjudication of neglect, namely June 21, 2022, to March 21, 2023. (750 ILCS 50/1(D)(m)(ii) (West 2022)). The minors' mother's rights were also terminated. She is not party to this appeal.

¶ 6        On August 2, 2023, the trial court conducted a fitness hearing. The court heard testimony from respondent and a Center for Youth and Family Services (CYFS) caseworker assigned to the minors' cases during the nine-month period at issue.

¶ 7          Respondent testified he was required under his service plan to complete parenting classes. Respondent attempted to engage in parenting classes during this period, but he was not given the necessary referral from his caseworker. According to respondent, his caseworker "refused" to provide this referral because she believed respondent needed to focus on his sobriety. Respondent did not complete parenting classes. Respondent engaged in mental health and substance abuse services during this period. Respondent was self-employed repairing and selling lawn mowers, but his income was not sufficient for him to file a tax return. Respondent lived in a three-bedroom house in Benld, Illinois, and felt it could accommodate all the minors.

¶ 8          On cross-examination, respondent testified his caseworker "[p]retty much" told him not to do the parenting classes and instead focus on his sobriety. Respondent was regularly attending his visits. Respondent admitted testing positive for methamphetamine during this period. On redirect examination, respondent testified he was still using methamphetamine in December 2022 and, thus, the treatment he underwent did not help him resolve his addiction. Respondent admitted having "had a couple of relapses."

¶ 9          Nakira Powers, respondent's CYFS caseworker during this period, testified to learning from St. Francis Way Clinic (in Litchfield, Illinois) that respondent "tested positive the entire time for methamphetamines, amphetamines, and [tetrahydrocannabinol (THC)]" and was dropped from services there on February 20, 2023, "due to inconsistent engagement." Powers made two referrals for respondent to engage in parenting classes, but he "was dropped both times due to inconsistency with engagement." Thus, Powers did not have proof of respondent completing parenting classes. Respondent was consistent with his visitation with the minors and appeared to love them.

¶ 10      On cross-examination, Powers confirmed respondent requested another referral for parenting classes, but she would not provide it. Not only had respondent been dropped from his two prior attempts at parenting classes, but "due to his substance abuse it wouldn't have been beneficial for him to engage in that service."

¶ 11      The trial court then admitted four exhibits, all pertaining to respondent's engagement in services, into evidence. Included among them were the results of 11 drug tests administered to respondent during this period. In the first test, respondent tested positive for amphetamines, ecstasy, methamphetamines, and THC. In the 10 later tests, respondent tested positive for amphetamines, methamphetamines, and THC. Respondent's final test during this period was on February 2, 2023, less than three weeks before he was discharged from services due to inconsistent engagement.

¶ 12      Respondent was recalled to the stand. Respondent testified he believed he had made progress with his addiction. In particular, while respondent was using fentanyl when he began substance abuse treatment in August 2022, he stopped using it a week after he started that service. Additionally, respondent was taking prescription medications and found them helpful.

¶ 13      The trial court, after considering the evidence and arguments before it, found respondent was an unfit parent for the reason alleged in the State's termination petition. In reaching its finding, the court stated:

"I agree that [respondent] has engaged in services, but the analysis doesn't stop there. It's whether or not he has failed to make reasonable progress based on the underlying allegations, his circumstances, and during the applicable period, the Court finds that although he did some things and engaged in some services, he did not make reasonable progress based on

everything that's been presented. So, the Court will find that the State has met its *** burden on the first stage by clear and convincing evidence ***.

This Court acknowledges all the arguments that [respondent's counsel] made. This Court no doubt believes that [respondent] loves his children and went to the visits and other things but it's a matter of the sufficiency of the evidence. So, the first stage is met."

¶ 14    This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, respondent argues the trial court erred in finding him an unfit parent. Respondent only challenges the court's unfitness finding, so we confine our analysis to that issue.

¶ 17    In a proceeding to terminate parental rights, the State must prove parental unfitness by clear and convincing evidence. *In re N.G.*, 2018 IL 121939, ¶ 28, 115 N.E.3d 102. A trial court's finding of parental unfitness will not be disturbed on appeal unless it is against the manifest weight of the evidence. *N.G.*, 2018 IL 121939, ¶ 29. A finding is against the manifest weight of the evidence "only where the opposite conclusion is clearly apparent." *N.G.*, 2018 IL 121939, ¶ 29.

¶ 18    The trial court found respondent was an unfit parent as defined in section 1(D)(m)(ii) of the Adoption Act (750 ILCS 50/1(D)(m)(ii) (West 2022)). Section 1(D)(m)(ii) provides, in part, a parent will be considered an "unfit person" if he or she fails "to make reasonable progress toward the return of the child to the parent during any [nine]-month period following the adjudication of [neglect.]" 750 ILCS 50/1(D)(m)(ii) (West 2022).

¶ 19        "Reasonable progress" has been defined as "demonstrable movement toward the goal of reunification." (Internal quotation marks omitted.) *In re C.N.*, 196 Ill. 2d 181, 211, 752 N.E.2d 1030, 1047 (2001). This is an objective standard. *In re F.P.*, 2014 IL App (4th) 140360, ¶ 88, 19 N.E.3d 227. Reasonable progress exists when the evidence shows "the progress being made by a parent to comply with directives given for the return of the child is sufficiently demonstrable and of such a quality that the court, in the *near future*, will be able to order the child returned to parental custody." (Emphasis in original.) *In re L.L.S.*, 218 Ill. App. 3d 444, 461, 577 N.E.2d 1375, 1387 (1991). In determining a parent's fitness based on reasonable progress, a court may only consider evidence from the relevant time period. *In re Reiny S.*, 374 Ill. App. 3d 1036, 1046, 871 N.E.2d 835, 844 (2007).

¶ 20        The trial court's determination respondent was unfit for failing to make reasonable progress toward the minors' return during the nine-month period from June 21, 2022, to March 21, 2023, was not against the manifest weight of the evidence. The evidence at the fitness hearing showed respondent had a residence which he felt could accommodate all the minors, was earning at least some income through self-employment, consistently attended visitation, and loved the minors. However, the evidence also showed respondent, during this period, did not show compliance with his service plan in light of the condition giving rise to the removal of the minors from his home. He continued to use drugs. He did not show demonstrable movement toward the goal of returning the minors to his care. While respondent engaged in individual counseling and substance abuse counseling during this period, he repeatedly tested positive for methamphetamines, amphetamines, and THC, and, on one occasion, ecstasy in addition to these other substances. Respondent was eventually dropped from services due to inconsistent engagement. Respondent did not complete his required parenting classes during this

period despite two attempts, and his ongoing substance abuse was such that his caseworker did not feel it beneficial to provide a third referral.

¶ 21　　　　We conclude it is not clearly apparent respondent made sufficiently demonstrable progress that the trial court would be able to order the minors' return to his custody in the near future. See *L.L.S.*, 218 Ill. App. 3d at 461.

¶ 22　　　　　　　　　　　　III. CONCLUSION

¶ 23　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 24　　　　Affirmed.